```
            UNITED STATES DISTRICT COURT
              DISTRICT OF CONNECTICUT


LANCE RHODES,
        Plaintiff,
                                        PRISONER
     v.                        CASE NO. 3:11-cv-696(DJS)

PETER MURPHY, et al.,
        Defendants.
```

## RULING AND ORDER

The plaintiff, Lance Rhodes, incarcerated and pro se, has filed a complaint pro se under 42 U.S.C. § 1983. He names Warden Peter Murphy, Captain Moller, Maintenance Supervisor Clifford, Lieutenant Galvez, Captain Butler, Nurse Robert and Correctional Officers Sanderson, Pantoja and John Doe as defendants. The complaint indicates that each defendant is being sued in his or her individual capacity.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard. Id. (internal quotation marks omitted). Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

　　　The plaintiff alleges that on October 7, 2010, he was in his cell and smelled smoke. The smoke was not coming from any items within his cell. He informed Correctional Officers Sanderson and John Doe. They both searched the housing unit for the source of the smoky odor, but did not discover it. No one else came to investigate the incident.

　　　At approximately 4:30 a.m. on October 9, 2010, the plaintiff woke up when he heard other inmates yelling and complaining about smoke in the unit. The unit was filled with dense smoke and the smell of something burning. Neither the fire alarms nor the

smoke detectors went off.  Correctional Officer Pantoja was inside the control room in the unit and she took no action to alleviate or investigate the situation until 6:30 a.m.  At that time, officers entered the unit, released inmates from their cells and escorted them to the corridor leading to the main building.

Lieutenant Galvez released the plaintiff from his cell, but would not let the plaintiff cover his face with a towel to prevent the inhalation of smoke.  Captain Moller was responsible for overseeing the removal of the inmates from the housing unit and directed other officers to lead the plaintiff and the rest of his housing unit to the gym by going through the smoke-filled area where the fire was located, instead of using the secondary exit.

The plaintiff and other inmates remained in the gym for eight hours.  The plaintiff did not receive adequate medical attention or access to fresh air during that time.  Prison officials returned the plaintiff to his cell at about 2:00 p.m.

When medical staff came to examine the plaintiff, he complained of dizziness and uncontrollable coughing spells. Medical staff sent the plaintiff to the medical unit for evaluation and he received medical treatment for his breathing difficulties.

On October 16, 2010, Nurse Rob refused to treat the

plaintiff because the plaintiff would not sign an authorization form.  The plaintiff believes that Nurse Rob refused to treat him in retaliation for his submission of prior written complaints to Nurse Rob's superiors.

The plaintiff claims that he made a number of additional requests to see a doctor regarding his breathing difficulties, but his requests were ignored or denied.  The plaintiff seeks compensatory and punitive monetary damages.

A prisoner's conditions of confinement must meet "the minimal civilized measure of life's necessities."  Wilson v. Seiter, 501 U.S. 294, 298 (1991)(internal quotation marks omitted).  This means that prison officials must provide for inmates' "basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety."  DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 200 (1989).  The plaintiff must demonstrate both that he is incarcerated under conditions that pose a substantial risk of serious harm and that the defendant prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action.  See Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994).  Allegations constituting mere negligence are not cognizable under section 1983.  See Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996).

Although breathable air constitutes a basic human need, the plaintiff does not allege any facts to suggest that Warden Murphy was aware of his complaints about a burning smell in the housing unit two days prior to the day the electrical fire caused prison employees to evacuate the housing unit. The plaintiff filed grievances regarding the response to the electrical fire by Department of Correction employees. Warden Murphy answered those grievances. He indicated that he had investigated his staff's handling of the safety and security issues raised by the fire and found that staff had responded in an appropriate manner. Warden Murphy's responses to the plaintiff's grievances do not suggest that he was aware of the plaintiff's complaints which were lodged two days before the fire. Thus, the plaintiff has not alleged that Warden Murphy knew of and disregarded an excessive risk of harm to him and has not met the subjective component of the Eighth Amendment standard. The conditions of confinement claim against Warden Murphy is dismissed. See 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that on October 7, 2010, Officers Doe and Sanderson responded to his complaints about a burning smell by investigating possible sources within the housing unit and then logging in the plaintiff's complaints with the unit control room officer as well as the maintenance department. Officers Doe and Sanderson were unsuccessful in finding the source of the odor.

Defendant Clifford is the Maintenance Supervisor at MacDougall and Captain Butler was the Unit Manager on the days in question.  The plaintiff asserts that he is not certain whether either defendant Clifford or defendant Butler investigated his complaints of a burning smell on October 7, 2010.

The allegations against these four defendants constitute nothing more than negligence.  Claims of mere negligence, however, will not support a section 1983 claim.  See Hayes, 84 F.3d at 620.  The claims against defendants Clifford, Butler, Doe and Sanderson are dismissed as failing to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

After reviewing the allegations against the remaining defendants, the court concludes that the case should proceed at this time as to the claims of unconstitutional conditions of confinement and deliberate indifference to medical needs against defendants Galvez, Moller, Pantoja, and Robert in their individual capacities.

ORDERS

The court enters the following orders:

(1) The claims against defendants Warden Murphy, Maintenance Supervisor Clifford, Captain Butler and Correctional Officers Doe and Sanderson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The claims in the complaint against defendants Captain Moller, Lieutenant Galvez, Nurse Robert and Correctional Officer Pantoja

in their individual capacities shall proceed.

(2) Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for the defendants and mail waiver of service of process request packets to each of the following defendants in his or her individual capacity at his or her current work address:  Captain Moller, Lieutenant Galvez, Nurse Robert and Correctional Officer Pantoja.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)  The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)  Defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days

from the date of this Order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

    (6)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order.  Discovery requests need not be filed with the court.

    (7)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this Order.

    (8)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    SO ORDERED this 26th day of April, 2012, at Hartford, Connecticut.

\_\_\_\_\_/s/ DJS_____
Dominic J. Squatrito
United States District Judge